FILED
AUG 23 2005
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 94-0024 (TFH) |
| | ) |
| OLUROTIMI OLATUNDE LAYENI, | ) |
| | ) |
| Petitioner. | ) |

MEMORANDUM OPINION

Pending before the Court is Petitioner's Motion to Relief from Judgment and to Modify Sentence Pursuant to Fed. R. Civ. P. 60(b) ("Petitioner's Motion") [# 186]. Upon careful consideration of the petitioner's motion, and the entire record herein, the Court will dismiss the motion.

I. BACKGROUND

The Federal Bureau of Investigation ("FBI") initiated Operation Wild Horse to target heroin importation and distribution in the Washington area. During the course of this operation, the FBI apprehended Petitioner, Olurotimi Olatunde Layeni. On October 28, 1994, a jury convicted Petitioner of conspiracy to distribute and possession with intent to distribute heroin, as well as multiple counts of heroin distribution in violation of 21 U.S.C. §§ 846, 841(a)(1), respectively. Judge Norma H. Johnson sentenced Petitioner to 210 months of imprisonment on each count, to run concurrently. The Court of Appeals for the D.C. Circuit affirmed the conviction and sentence on July 30, 1996. United States v. Layeni, 90 F.3d 514 (D.C. Cir. 1996).

On January 23, 1998, Petitioner filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 [# 155], arguing that the court, by sentencing him to 210 months in

prison, improperly applied the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"). The Court denied Petitioner's § 2255 motion by Order dated August 9, 1999 [# 164]. On June 21, 2000, Petitioner filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [#176], where he argued that the retroactive application of an amendment to the Sentencing Guidelines necessitated a reduction of his sentence. The Court denied the motion by Order dated March 21, 2003 [# 184].

On September 13, 2004, Petitioner filed the instant motion. The thrust of Petitioner's argument is that the Court calculated Petitioner's sentence based on its own finding of the quantity of heroin involved in his crime, a fact that the government never proved before a jury. Further, Petitioner argues that the government failed to prove before a jury that he managed or supervised the criminal activity in question, rendering inappropriate the offense level increase he received pursuant to U.S.S.G § 3B1.1(b). As the basis for his argument, Petitioner cites a United States Supreme Court case, Blakely v. Washington, for the proposition that every defendant has the right to insist that the prosecutor prove to a jury all facts legally essential to his punishment. 124 S. Ct. 2531, 2543 (June 24, 2004) ("The Framers would not have thought it too much to demand that, before depriving a man of . . . more . . . liberty, the State should suffer the modest inconvenience of submitting its accusation to 'the unanimous suffrage of twelve of his equals and neighbours,' 4 Blackstone, Commentaries, at 343, rather than a lone employee of the State.").[1]

## II. DISCUSSION

Petitioner's motion is, in effect, a second successive motion under 28 U.S.C. § 2255. In

---

[1] Petitioner's motion was filed prior to the Supreme Court's decision in United States v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005).

2

this motion, Petitioner requests a review of his sentence pursuant to Fed. R. Civ. P. 60(b), but, as with his previous motion, Petitioner argues that the Court calculated his sentence improperly according to the Sentencing Guidelines. Because the Petitioner's motion is substantively a second or successive motion pursuant to 28 U.S.C. § 2255, and because the petitioner failed to obtain certification for the motion from the D.C. Circuit the Court will deny the motion.

### A. Petitioner's Motion is Substantively a Third Motion Pursuant to 28 U.S.C. § 2255

A court must determine the proper characterization of a motion by the nature of the relief sought. See United States v. Palmer, 296 F.3d 1135, 1145 (D.C. Cir. 2002) ("District courts should not re-characterize a motion purportedly made under some other rule as a motion made under § 2255 *unless* . . . the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought . . . ." (emphasis added)). Therefore, a motion functionally equivalent to a § 2255 motion to vacate, set aside, or correct a sentence will be construed as such, when appropriate, regardless of the caption on the pleading. See Palmer, 296 F.3d at 1145 (acknowledging that the district court had authority to re-characterize a motion for a new trial as a motion under § 2255); see also United States v. Williams, No. 00-3165, 2001 WL 238115, at *1 (D.C. Cir. Feb. 7, 2001) (district court properly re-characterized a motion pursuant to Fed. R. Civ. P. 60(b) as a motion pursuant to § 2255); United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998) (noting the recent trend among circuits to treat certain motions filed under Rule 60(b) as motions pursuant to § 2255).

In the motion now before the Court, Petitioner challenges the legality of his sentence, arguing that the Court improperly used factors not proven before a jury to reach his sentence.

3

Petitioner's Motion at 1.[2] The petitioner bases his right to seek review of his sentence on Fed. R. Civ. P. 60(b). Id. Rule 60(b) permits the court to grant relief from a final judgment for "any [other] . . . reason justifying relief from the operation of the judgment [in addition to the first five reasons listed in the rule]." Fed R. Civ. P. 60(b)(6). As the Fifth Circuit noted in United States v. Rich, courts have recently followed a trend "to treat motions by federal prisoners to set aside their convictions on constitutional grounds as § 2255 motions, regardless of the label affixed to the motion." United States v. Rich, 141 F.3d at 551. Accordingly, even though Petitioner styled his motion as filed pursuant to Rule 60(b), because it amounts to an attack on the constitutionality of his sentence in light of the Supreme Court's decision in Blakely, this Court will treat the Rule 60(b) motion as a § 2255 motion to vacate, set aside, or correct a sentence.

---

[2] Defendant's likelihood of success on the merits of this motion is significantly undercut by the fact that, while the D.C. Circuit has not yet addressed the issue, many courts of appeals have noted that because the Supreme Court did not expressly make its decision in Blakely retroactive, that case does not provide an appropriate basis for a second motion pursuant to Section 2255. See Carmona v. United States, 390 F.3d 200, 202 (2nd Cir. 2004) (refusing to grant authority to file second Section 2255 motion because Supreme Court has not announced Blakely to be a new rule of constitutional law, nor has the Court held it to apply retroactively); Cuevas v. Derosa, 386 F.3d 367, 368 (1st Cir. 2004) (same); United States v. Smith, 111 Fed. Appx. 184, 2004 WL 2368076, at *1 n.* (4th Cir. 2004) (same); United States v. Ford, 383 F.3d 567, 568 (7th Cir. 2004) (same); see also, In re Hinton, 125 Fed. Appx. 317, 317 (D.C. Cir. Mar. 10, 2005) (unpublished order denying motion for leave to file successive Section 2255 motion because the Supreme Court has not made either Blakely or Booker retroactive to cases on collateral review). Similarly, the courts of appeals that have considered the issue have all concluded that Booker does not apply retroactively on collateral review. See United States v. Waite, ___ F. Supp. 2d ___ , 2005 WL 1939212, at *2 n.1 (D.D.C. July 14, 2005) (citing Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005); Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. 2005); Padilla v. United States, ___ F.3d ___ , 2005 WL 1595291, at *3 (5th Cir. July 8, 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Never Misses a Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) (collecting cases); United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir. 2005); In re Anderson, 396 F.3d 1336, 1338-40 (11th Cir. 2005).

The Court is not required to notify Petitioner of this decision prior to its re-characterization of the instant motion. In Palmer, the Court of Appeals for the D.C. Circuit held that a district court's re-characterization of a motion as a § 2255 motion "will not count as a 'first' habeas motion sufficient to trigger AEDPA's gate-keeping requirements" unless: (1) "the movant, with knowledge of the potential adverse consequences of such re-characterization, agrees to have the motion so re-characterized," or (2), after being advised of the consequences of non-response to notification of re-characterization, the movant fails to respond within a specified time period. 296 F.3d at 1145-46; see also discussion, infra, Part B, pp. 5-6 (regarding gate-keeping requirements of 28 U.S.C. § 2255). As the D.C. Circuit recognized in In re: Lorenzo Conyers, however, a district court need not follow the procedures outlined in Palmer when the defendant has "already filed two motions expressly based on Section 2255 prior to the filing of the motion at issue . . . ." In re: Lorenzo Conyers, No. 03-3035, 2003 U.S. App. LEXIS 10395 at *1-2 (D.C. Cir. May 22, 2003). Though the Petitioner here filed only one motion expressly based in § 2255 before the instant motion, the policy consideration here is identical to that of the Conyers case, and therefore its logic and holding may be extended to Petitioner's motion.

In holding that the re-characterization of a federal prisoner's motion as a motion pursuant to § 2255 would not count as a "first" § 2255 motion under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the D.C. Circuit, in Palmer, was concerned with AEDPA's procedural bar to second or successive motions and the harm these procedural bars may cause federal prisoners if unaware that the bars were, in fact, triggered. See 296 F.3d at 1146; see also 28 U.S.C. § 2255; discussion, infra, Part B, pp.5-6. Where a federal prisoner filed even one motion expressly based in § 2255, as is the case here, the procedural bars contained in the

5

AEDPA are already triggered. Therefore, the Petitioner, who filed one § 2255 motion prior to the instant motion and, thus, was aware of the procedural bars to filing a second or successive § 2255 motion, is not entitled to the notification procedures outlined in Palmer before this Court re-characterizes his "Motion to Relief from Judgment and to Modify Sentence Pursuant to Fed. R. Civ. P. 60(b)" as a motion to vacate, set aside, or correct a sentence pursuant to § 2255.

**B.      Petitioner Failed to Obtain Certification for the Motion from the Court of Appeals for the D.C. Circuit.**

Once re-characterized, this motion represents Petitioner's second motion filed pursuant to § 2255, and, as such, constitutes a successive motion requiring certification from a panel of the D.C. Circuit. See 18 U.S.C. § 2255. Section 2255 states that,

> A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Before a petitioner obtains such certification, a district court lacks jurisdiction to entertain a second or successive § 2255 motion. See United States v. Lawrence, No. 97-3164, 1998 WL 203115, at *1-2 (D.C. Cir. April 15, 1998). Petitioner failed to obtain certification from the Court of Appeals for the D.C. Circuit for the instant motion. The Court, therefore, has no jurisdiction to entertain Petitioner's successive § 2255 motion, and will dismiss the motion accordingly.

### III. Conclusion

For the reasons stated above, the Court will dismiss Petitioner's "Motion to Relief from Judgment and to Modify Sentence Pursuant to Fed. R. Civ. P. 60(b)." An appropriate order will accompany this Memorandum Opinion.

August 22nd, 2005

Thomas F. Hogan
Chief Judge